WILLIAM G. GRAHAM, HIGHWAY COMMISSIONER, v. MARY LANGSTON.

*Highways—Action in trespass by commissioner for failure to remove encroachment—Appeal—Variance—Amendment.*

Plaintiff sued defendant for failure to obey an order for the removal of a fence alleged to encroach upon a highway, and made a mistake in describing the land in the *declaration,* but which was correctly described in the order for removal. On the trial of the case *on appeal,* the court denied plaintiff's application to amend his declaration by inserting the true description.

*Held,* that while ordinarily such a defect would be amendable under the statute authorizing amendments, the statute under which the suit was instituted (chap. 6, How. Stat., p. 403) is penal in its nature, and How. Stat. § 1375, requiring a trial on appeal to be had upon the issue joined in justice's court, is *mandatory,* and precludes the amendment asked for.

Error to Berrien. (Smith, J.) Argued January 25, 1887. Decided February 10, 1887.

Action by highway commissioner for failure to obey order for removal of alleged encroachment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Clapp & Bridgman,* for appellant.

*Theo. G. Beaver,* for defendant.

CHAMPLIN, J. On February 24, 1886, the plaintiff was commissioner of highways of the township of Niles. On that day he made an order in which it is recited that he had ascertained that the public highway in said township which runs north and south, west of and adjoining to the west side of the half quarter-section line which runs north and south through the south-east quarter of section 24, in township 7 south, range 17 west, was encroached upon on the west side thereof, along the land and inclosure occupied by Mrs. Mary

Langston, by a fence partly built, consisting of posts set in the ground, and boards nailed thereon, and posts set in holes, which fence was recently built, and was then in the process of construction; that the road was originally laid out to be four rods wide, about 1860; that shortly after, and more than 20 years ago, Hardy Langston, in his life-time, built the fence on the west line of said road, three rods and a little more west from the north and south half quarter-section line; that since that time the road has been used continuously by the public as a public highway across said quarter-section for a distance of three rods west of said half quarter-section line for a period of 20 years and more, and east from the line where said Hardy Langston built said west fence bounding said west line of said highway.

It then describes the encroachment, and proceeds as follows:

"It is therefore ordered by me that said fence and posts, and every part thereof, be removed on or before thirty days after service of notice of this order, so that the highways shall be opened and unobstructed and unencroached upon in any part which lies east from the true west line of said highway, as occupied according to the fence so built twenty years and more since, on its west line, by said Hardy Langston.

[Signed]          "WILLIAM G. GRAHAM,
"Commissioner of Highways of Niles Township."

Graham made affidavit that he served a copy of the above order on Mrs. Mary Langston on the twenty-fourth of February, 1886, personally, by delivering to her a true copy thereof at her home in the township of Niles. The order was not addressed or directed to any person.

March 22, 1886, Mary Langston served a notice, addressed to William G. Graham, highway commissioner of Niles township, etc., that she was not encroaching on the highway in the erection of a fence on the east side of her farm in section 24, Niles township; that the line of said highway had never been designated or surveyed or established.

On the fifteenth of July, 1886, plaintiff commenced this suit in trespass. He filed a written declaration, wherein he described the land occupied by defendant as being upon the south-west quarter of section 24, and the highway which he claimed was encroached upon as lying along the east side of the land so occupied. The declaration also set up, but not accurately, the recitals and order above mentioned, and the service thereof upon defendant, her notice to him, and concluded as follows:

" Wherefore the plaintiff, as commissioner of highways of the township of Niles, claims damages six cents, and, under the statute in such case made and provided, the plaintiff, as commissioner of the township of Niles, brings suit."

The defendant pleaded the general issue, and upon the issue so framed the trial was had, which resulted in a judgment for plaintiff.

Defendant appealed to the circuit court, and on the trial in that court the plaintiff attempted to prove the existence of a highway upon the south-east quarter of section 24, and was met with the objection that it was immaterial, for the reason that the declaration described the highway encroached upon as being upon the south-west quarter of the section. The objection was sustained, and plaintiff offered to amend on the ground that it was a clerical error. The defendant opposed the amendment, for the reason that the statute authorizing appeals provides that the trial in the circuit shall be had on the issue joined in the justice's court; and also that the amendment asked for was something more than an amendment in matter of substance, but was one in matter of description, and, if allowed, would be, in effect, to introduce a new cause of action. The circuit judge denied the motion, and directed a verdict for the defendant.

Ordinarily a defect of this kind would be amendable under our statutes authorizing amendments, but the statute under which these proceedings were had is penal in its nature,

and cannot be extended beyond the fair scope of the terms employed; and it expressly provides that the case shall be tried upon the appeal on the issue joined in the justice's court. This is mandatory, and precludes the amendment asked for. It needs no argument to show that an issue joined in an action of trespass for obstructing a highway upon the south-west quarter of a section presents a different issue than a claim for trespass for obstructing a highway on the south-east quarter of the section.

The judgment of the circuit court must be affirmed.

CAMPBELL, C. J., and MORSE, J., concurred. SHERWOOD, J., did not sit.